# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RONNIE BENJAMIN BALES,

    Petitioner,

vs.                                                                   Civ. No. 99-784 BB/WWD

CAMILO ROMERO, Warden et al.,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 14, 1999. Mr. Bales, who is proceeding *pro se* and *in forma pauperis*, was convicted of eight counts of vehicular burglary. He is currently confined pursuant to the judgment and sentence entered in case No.CR-96-165 in the Fifth Judicial District Court sitting in and for Eddy County, New Mexico.

    2. Petitioner has exhausted the one ground raised in his petition in state court on direct appeal, and has not applied for post-conviction relief in state court. Bales alleges that the pre-trial photo arrays were impermissibly suggestive and that their admission into evidence violated his due process rights. The allegation centers around his identification by an Officer Newman who could not identify Bales from a photo array which included an older picture of Petitioner, but was able to pick him out of a second photo array in which the only photo that was changed was Bales' photo -- substituted for a more recent photo.

    3. As an initial matter, I note that, contrary to Respondent's calculations, the petition is timely and is not time-barred under 28 U.S.C. § 2244(d)(1). Petitioner's conviction did not

become final until October 1, 1998. See Ex. H; Rhine v. Boone, 1999 WL 459312, *1 (10th Cir.(Okla.)) (noting that courts have held that conviction is not final and the one-year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed. (citations omitted)); see Sup.Ct.R.13. Therefore, the petition, which was filed on July 7, 1999, is timely.

4. However, Respondent alternatively submits that the petition should be dismissed pursuant to 28 U.S.C. § 2254(d)(1) and (2), which calls for a highly deferential standard for evaluating state court rulings. Respondent contends that the state court's findings related to the identification testimony should be given deference in reviewing the federal petition. After a review of materials submitted as exhibits to the Answer, I find that Respondent's position has merit.

5. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[1] federal courts are forbidden from granting habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(1) & (2).

---

[1] Pub.L.No. 104-132, tit.I, sec. 104 (to be codified at 28 U.S.C. §§ 2254(d),(e) (April 24, 1996)). See Lindh v. Murphy, __ U.S. __, 117 S.Ct. 2059, 2068 (1997) (new AEDPA provisions generally apply only to cases filed after the Act became effective).

6. In the early morning hours of April 16, 1996, Officer Newman was responding to the area of a reported auto burglary and noticed an apparently unoccupied vehicle in a driveway. As he called in the license number to the dispatcher, and upon proceeding to investigate the vehicle, Officer Newman saw three people jump up in the car and run from the driver's side door. He later testified that he got a look at the suspects when they turned to look at him as they fled from the car.

7. One of the three men, Tony Aldez, was recognized there at the scene. Another suspect, Armando Ceballos, unsuccessfully evaded capture and was returned to the scene by another officer. Ceballos gave Newman the names of the other two men, one of whom was Aldez, the other the Petitioner.

8. Officer Newman viewed two photo arrays several days after the incident and identified Bales only from the second array, which differed from the first only in that it contained an updated photograph of Bales. Petitioner's motions to exclude Officer Newman's photo array and in-court identifications (which at that time had occurred at the preliminary hearing and was expected to occur at trial) were denied and the photo array and identifications were admitted into evidence.

9. The state court of appeals reviewed whether the photo array identification was unnecessarily suggestive and would give rise to a substantial likelihood of substantial misidentification. Ans., Ex. F at 2. In addressing the issue, the court relied on state cases as well as the seminal federal case, Manson v. Brathwaite, which sets out the standard for determining when a photo identification is so impermissibly suggestive so as to violate due process rights. See 432 U.S. 98 (1977). Thus, in its findings, the state court relied on "clearly established federal law" under 28 U.S.C. §2254(d)(1). See also State v. Baca, 99 N.M. 754, 758 (1983); State v.

Padilla, 122 N.M. 92, 97 (Ct.App. 1996), cert. denied, State v. Padilla, 122 N.M. 1 (Jul.3, 1996) (citing Brathwaite, 432 U.S. at 110-14 (listing factors for court to weigh in determining overall reliability of a suggestive showup identification)).

10. Convictions based on eye-witness identification at trial following a pretrial identification by photograph are considered to be violative of due process only if the photographic identification procedure "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), cited in Neil v. Biggers, 409 U.S. 188, 194-96 (1972).

11. The pivotal question in an allegedly defective photo identification procedure is whether, under the "totality of the circumstances," the identification was reliable even though the confrontation procedure was suggestive. Id. In evaluating the likelihood of misidentification, several factors have been identified as those the court should consider: the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. Id. at 200-01.

12. Bales had an alibi defense, claiming that he was at home during the time of the burglary. Ans., Ex. C.[2] However, the state court focused on the analysis pertinent to the issue raised by Petitioner in his appeal and held that the identifications were reliable "under the standards pronounced by the United States Supreme Court in Brathwaite, 432 U.S. at 113-14"

---

[2] Testimony was offered by two of Petitioner's friends, one who had been in the car with Bales earlier in the evening.

and also that the identifications did not violate due process. Ex. F at 5. In this case, I find no reason not to apply the presumption of correctness to the state court's findings, as there is no reason to "doubt the adequacy or the accuracy of the fact-finding proceeding" that was conducted. Medina v. Barnes, 71 F.3d 363, 369 (10th Cir.1995).

    13. Assuming, without deciding, that the photo array was impermissibly suggestive, the state court proceeded to examine the "totality of the circumstances" in ultimately concluding that the identification by Officer Newman was nonetheless reliable.[3] Ex. F at 3; see Manson, 432 U.S. at 106 (even where pretrial identification procedures may be impermissibly suggestive, there will be no substantial likelihood of misidentification where the reliability of a witness' identification was sufficiently reliable); cmp., Padilla, 122 N.M. at 97 (citing State v. Maes, 100 N.M. 78, 82 (Ct.App. 1983) (acknowledging that New Mexico has for years permitted showup identifications, even though highly suggestive, as long as the identification is deemed reliable under the totality of the circumstances).

    14. Following the Brathwaite factors as a guide, the state court noted that as a police officer, Newman was a "trained observer"; he had seen Petitioner running from the scene;[4] he displayed certainty regarding the identification, both from the immediateness of the selection from the second photo array as well as from his testimony that he "would have selected Defendant out

---

    [3] Although a transcript of Officer Newman's testimony at the preliminary hearing regarding the photo identification was used as testimony at trial, the officer made in-court identifications at the preliminary hearing, the hearing on the motion to strike and at trial. Ex. F. at 2.

    [4] Petitioner's brief-in-chief on direct appeal raises a question as to whether Officer Newman first saw Bales' face as he exited the car, or as he was fleeing. Ex. C at 8. The "totality of the circumstances" analysis does not suffer in either event.

5

of 2,000 photographs because [he] saw Defendant running from the scene." Ex. F at 4. The court also noted that the time between the crime and the photo array was short.[5]

15. I find that the state court's findings on the issue raised by Petitioner in his federal petition should be given deference and presumed correct. As noted above, the court's determination of the facts regarding the reliability of the Petitioner's identification was not unreasonable; nor was the decision based on an unreasonable determination of federal law. See §2254(d). Petitioner offers virtually nothing in the way of rebutting the presumption of correctness which would even remotely approach "clear and convincing" evidence as required under the relevant statute. 28 U.S.C. § 2254(e)(1). Accordingly, the petition should be denied.

**Recommendation**

I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED, and that this cause be dismissed with prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will

---

[5] The docketing statement, Ex. B at 3, states that Officer Newman was shown the array 9 days after the incident, and not 2. In its analysis, the court of appeals noted that the time which lapsed between the crime and the first photo array was "several days," Ex. F at 4, which would apply to either interval.
  Similarly, whether the two photo arrays were 2 hours apart or 2 days apart would present a discrepancy also having no effect on the analysis. The court of appeals did not address this issue, but because the difference in time is minimal and would thus not attenuate findings on reliability, it does not in itself render unreasonable the court's determination of the facts.

be allowed.

_____
UNITED STATES MAGISTRATE JUDGE